**UNDER SEAL**

United States District Court
Southern District of Texas
FILED

OCT 3 0 2009

Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H- |
| | § | |
| $391,082.95 (THREE HUNDRED | § | H-09 3533 |
| NINETY ONE THOUSAND | § | |
| EIGHTY TWO DOLLARS AND | § | |
| NINETY FIVE CENTS), | § | |
| Defendant. | | |

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM

The United States of America, Plaintiff, files this action for forfeiture against $391,082.95, hereafter referred to as "Defendant Property" and alleges on information and belief that:

1. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property which constitutes or is derived from proceeds traceable to loan application fraud in violation of 18 U.S.C. § 1014; wire fraud in violation of 18 U.S.C. § 1343, bank fraud in violation of 18 U.S.C. § 1344; and a conspiracy to commit these violations in violation of 18 U.S.C. § 371. The above substantive offenses constitute 'specified unlawful activity' as defined in 18 U.S.C. § 1956(c)(7).

2. The United States also brings this action under 18 U.S.C. § 984, which

provides that "in any forfeiture action in rem in which the subject property is . . . funds deposited in an account in a financial institution . . . it shall not be necessary for the Government to identify the specific [funds] involved in the offense that is the basis for the forfeiture." 18 U.S.C. § 984(a)(1)(A). Any identical [funds] found in the same [account] as the property involved in the offense that is the basis for forfeiture shall be subject to forfeiture so long as the forfeiture action is commenced within one year from the commission of the offense. 18 U.S.C. § 984(a)(2) and (b).

3. The property subject to forfeiture is $391,082.95, hereafter referred to as "Defendant Property." The Defendant Property was seized in Houston, Texas, from Account Number *5269 at Sterling Bank in the name of Northwest Pre-Owned Inc. Operating Account, bearing the signatory authority of Richard Lansdale and Brett Sturrock. The signatory authority for Brett Sturrock is believed to be a forgery.

4. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355. The Defendant Property will remain within the jurisdiction of this Court during the pendency of this action. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391 and 1395.

5. Richard Wesley Lansdale and his wife, Sandra Lansdale, submitted

claims in the United States Secret Service (USSS) administrative forfeiture proceeding, asserting ownership of the Defendant Property.

6. Between May 2005 and May 2009, Richard Lansdale and others conspired, and engaged in a scheme to defraud, federally insured financial institutions by causing the submission of fraudulent loan applications containing false employment and income information. The fraudulent loan applications were submitted in order to obtain loan approval for prospective purchasers of vehicles from dealerships located in Houston, Texas, that were owned and/or operated by Richard Lansdale (Northwest Suzuki, Inc. - 2005-2008) and (Northwest Pre-Owned, Inc. - 2008-2009). Employees at both dealerships assisted in completing and submitting the fraudulent applications.

7. Lansdale, and individuals acting on his behalf, used telephone communications providers to set up numerous land-based telephone lines for the purpose of conducting fraudulent telephonic employment verifications for prospective borrowers. The same fictitious employers and phone numbers were repeatedly used on loan applications.

8. Northwest Suzuki submitted auto loan applications through the Dealer Track Services, which is a clearinghouse for automobile loan applications to prospective lenders. Northwest Suzuki used the Dealer Track computerized

service to input information regarding a prospective borrower, including employment and income information. Prospective lenders then bid on the prospective loans using the wire communications infrastructure of Dealer Track System, which is headquartered in New York.

9. Between 2005 and 2007, Northwest Suzuki received over $3 million from loans funded by lending institutions as a result of fraudulent loan applications. The amounts were deposited into Northwest Suzuki's operating account at Sterling Bank, via checks or electronic payments. The loans went into default and the lenders had to charge off the amounts.

10. After lenders discontinued their relationship with Northwest Suzuki because of the number of defaulted loans, Lansdale and others closed the business at Northwest Suzuki and opened Northwest Pre-Owned in or around April 2008. Lansdale and others continued their conspiracy and scheme to defraud financial institutions in the same manner.

11. Various filings with the State of Texas in February 2008 reflected different owners for Northwest Pre-Owned, including an individual named Brett Sturrock.

12. USSS agents confirmed that Brett Sturrock had no connection to Northwest Pre-Owned. His signature was forged on Sterling Bank records, the

Northwest Pre-Owned dealer license filed with the Texas Department of Transportation, and on the dealer agreement with the Credit Union Acceptance Company (CUAC). The CUAC is a clearing house for credit unions to process indirect automobile loans. He did not authorize the use of his personal information in connection with the above documents.

13. Between May 2008 and January 2009, numerous automobile loans which originated at Northwest Pre-Owned, were funded by federally insured credit unions based on false employment information in the loan applications. The funds from these loans, totaling over $400,000.00, were electronically deposited into the Northwest Pre-Owned Operating Account Number **5269 at Sterling Bank, through the Automated Clearing House.

14. In May 2009, USSS agents and other law enforcement officers went to Northwest Pre-Owned where they observed numerous cell phones in the front office, normally occupied by Lansdale and another individual. The phones were labeled with the names of various fictitious employers and their corresponding land line numbers.

15. Interviews with numerous borrowers confirmed that Lansdale and others engaged in a scheme and conspiracy to defraud financial institutions by submitting false employment verifications, fictitious pay stubs, employment letters and

income information to obtain loan approval on applications that otherwise would not have been provided.

16. Under the totality of the circumstances, the Defendant Property is subject to forfeiture as property which constitutes proceeds traceable to loan application fraud, wire fraud, bank fraud, and a conspiracy to commit these offenses.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this complaint is sent in accordance with 18 U.S.C. § 985 and Rule G(4)(b).

An answer or motion under Fed. R.Civ.P. 12 must be filed no later than 20 days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this complaint.

## PRAYER

WHEREFORE, the United States of America prays:

1. Summons issue according to the normal procedure of this Court citing all persons having an interest in the above described Defendant Property to appear on the return day of process by filing a claim and answer pursuant to Rule G, Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by the Court;

2. That Warrant of Arrest issue commanding the arrest of the Defendant Property;

3. That judgment of forfeiture to the United States be decreed against the Defendant Property; and

4. For costs and such other and further relief to which plaintiff may be entitled.

Respectfully submitted,

TIM JOHNSON.
UNITED STATES ATTORNEY

By: *Katherine L. Haden*
Katherine L. Haden
Assistant United States Attorney
P.O. Box 61129
919 Travis, Suite 1500
Houston, Texas 77208
(713) 567-9365

## VERIFICATION

I, Vincent D. Edwards, Special Agent with the United States Secret Service declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem, and that the facts stated in paragraphs 6-16 of the complaint are based upon my personal knowledge or upon information obtained in the course of my investigation and are true and correct to the best of my knowledge and belief.

_____
Vincent D. Edwards, Special Agent
United States Secret Service

Sworn to and subscribed before me, the undersigned authority, on this 29 day of October, 2009.

TAMELA ALICIA HERRERA
MY COMMISSION EXPIRES
January 13, 2011

_____
Notary Public, State of Texas

My commission expires: _January 13, 2011_