IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-09-3533 |
| | § | |
| $391,082.95 (THREE HUNDRED | § | |
| NINETY ONE THOUSAND | § | |
| EIGHTY TWO DOLLARS AND | § | |
| NINETY FIVE CENTS), | | |
| Defendant. | | |

UNITED STATES RESPONSE TO RICHARD LANSDALE'S MOTION TO
STAY FORFEITURE PROCEEDINGS AND TOLL THE TIME TO
FILE AN ANSWER

The United States files this response to Richard Lansdale's Motion to Stay

Proceedings and to Toll the Time to File an Answer, and would show as follows.

The United States has commenced a forfeiture action against Defendant,

$391,082.95, based on alleged violations of conspiracy, making false statements in

loan applications, wire fraud and bank fraud, involving Richard Lansdale and his

business, Northwest Pre-Owned Inc. The $391,082.95 was seized from the account

of Northwest Pre-Owned Inc., a Texas corporation.  Richard Lansdale, and his wife,

Sandra Lansdale, have both claimed an interest in the $391,082.95.[1]

Richard Lansdale has moved for a stay of proceedings, including tolling the

---

[1]Sandra Lansdale's standing to contest the forfeiture of money seized from a corporate
business account over which she has no signatory authority is unclear.

time for filing an Answer, pursuant to 18 U.S.C. § 981(g)(2). He is asserting a Fifth Amendment privilege arising out of any involvement in the criminal activity forming the basis of this forfeiture action. His wife, Sandra Lansdale, does not oppose his motion, but requests that her case, and the ability to conduct discovery, proceed during the stay (*see* dkt. entry # 14, at page 3).

Title 18 U.S.C. § 981(g)(2) states that a Court shall stay the civil forfeiture proceeding as to the claimant if the Court determines that "(A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case." In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court considers the similarity between the parties, witnesses, facts and circumstances in the two proceedings, without requiring an identity as to any one or more factors. 18 U.S.C. § 981(g)(4). Richard Lansdale asserts that he meets the above criteria in subsections (A)-(C) of § 981(g)(2) (*see* dkt. entry #14, at p. 2).

Additionally, § 981(g)(1) provides for the stay of civil forfeiture proceedings upon the motion of the United States. It states that the Court shall stay the proceeding

2

if the Court "determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

Section 981(g)(3) recognizes that the Court may fashion a protective order as an alternative to a stay under subsections (1) or (2), as long as it does not unfairly limit the ability of one party to pursue the civil case. "In no case, . . . shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so." 18 U.S.C. § 981(g)(3).

In this case, the government does not oppose a stay of this proceeding in view of Richard Landsdale's assertion of a Fifth Amendment privilege, but does oppose a stay of this case only as to him. The United States opposes a stay which protects Richard Lansdale from any discovery, while his wife, who shares his interests and purposes, engages in the same discovery.

Courts recognize an identity of parties in related civil and criminal proceedings is not required before a stay is appropriate. A stay is appropriate where the civil forfeiture claimant is closely associated with the criminal defendant or subject, sharing the same or similar interests or purposes. *See United States v. Leasehold Interests in 118 Avenue D.*, 754 F.Supp. 282, 289 (E.D. N.Y. 1990)(The

3

considerations supporting a stay remain the same where the claimant is a relative or close associate of defendant in related criminal matter); *United States v. $69,577 in United States Currency*, 2009 WL 1404690 * 3(N.D. Cal. 2009)(There is an identity of interests when the claimant is a family member of defendant in the related criminal case).

Here, Richard and Sandra Lansdale, as husband and wife, are parties with an identity of interests. Yet, Richard Lansdale requests a stay on grounds the forfeiture proceeding will burden his right against self-incrimination in the related investigation, while his wife requests to proceed and pursue discovery for herself and, inevitably, for her husband.  Faced with this situation, the United States would be substantially precluded from pursuing discovery as to both parties, as a result of Richard Lansdale's assertion of a Fifth Amendment privilege. This is especially true when Sandra Lansdale has denied any knowledge or involvement with Northwest Pre-Owned Inc., and the circumstances giving rise to this forfeiture proceeding. Consequently, a protective order as an alternative to a stay, would not resolve the issue of one-sided discovery, and therefore, is inappropriate under these circumstances.  *See* 18 U.S.C. § 981 (g)(3). *See United States v. One Assortment of 73 Firearms*, 352 F.Supp.2d 2, 4 (D. Me. 2005)("A protective order cannot be imposed as an alternative to a stay because [its effect] would be to allow the claimants

to pursue broad civil discovery while the government would substantially be unable to do so"); *United States v. 3039.375 Pounds of Copper Coins*, 2009 WL 2168937, *1 (W.D.N.C. July 20, 2009)(Rejecting alternative of a protective order where government would be precluded from conducting discovery because claimant could assert Fifth Amendment rights because of pending criminal case).

Accordingly, in response to Richard Lansdale's motion, the United States requests that the Court stay the civil forfeiture proceedings as to all parties until further notice, thereby protecting Richard Lansdale's asserted Fifth Amendment privilege, and at the same time, preventing one-sided discovery against the government. In the event the Court does not issue a stay as to Sandra Lansdale, the United States may separately move, at a later date, for a stay of forfeiture proceedings under 18 U.S.C. § 981(g)(1).

Respectfully submitted,

JOSE ANGEL MORENO
United States Attorney

By:    s/ Katherine Haden
KATHERINE HADEN
Assistant U.S. Attorney
Texas Bar No. 08677500
P.O. Box 61129
Houston, Texas 77208
Phone:  713-567-9365
Facsimile: 713-718-3404

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing response was served on John Parras, counsel for Claimant Richard Lansdale, and Danny Sheena, counsel for Claimant Sandra Lansdale, through the court's ECF system.

By:   s/ Katherine Haden
      KATHERINE HADEN